# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLIE MICHAEL RICHARDSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-11-884 |
| DIANE BROOKS and STATE DIVISION OF PAROLE AND PROBATION | * * | |
| Defendants | * | |

## MEMORANDUM

The above-captioned case was filed on April 5, 2011, together with a motion for leave to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted.

Plaintiff claims he was denied due process rights when his parole was revoked in September of 2009. ECF No. 1. He states that parole agent, Diane Brooks "violated my due process rights, violated Ex Post Facto laws, and falsified information to obtain a retake warrant issued on September 3, 2009." *Id*. at p. 4. When his parole was revoked the Parole Commission also revoked 3000 credits and two years of street time, which plaintiff claims is more than what is allowed by law. *id*. Plaintiff further claims that his parole was revoked because he allegedly did not comply with special conditions, but he states the paper he received concerning his parole release did not include any special conditions. He seeks money damages and "to correct the wrongs". ECF No. 1 at 4. *Id*. at Attachment 1.

There is no indication that Plaintiff has successfully challenged the parole revocation decision in the Maryland courts. From the papers filed it appears that his only attempt to challenge the decision consisted of filing administrative remedy complaints with the warden.

ECF No. 1 at Att. 1. In light of the fact that the validity of the parole revocation decision has never been challenged, much less overturned the complaint must be dismissed. The constitutional claims asserted would, if found meritorious, invalidate the parole revocation decision. Until that decision is challenged directly and found to be improper, this court does not have jurisdiction to consider a claim for damages emanating from the revocation of plaintiff's parole. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).

Accordingly, by separate order which follow, the complaint will be dismissed without prejudice.


 April 11, 2011      /s/  
Date J. Frederick Motz  
United States District Judge